IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| MARCIA A. CARLISLE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 05-6248-JO |
| | ) | |
| v. | ) | <u>OPINION AND ORDER</u> |
| | ) | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

Nickolas C. Nylander
880 California Street
P. O. Box 547
North Bend, OR  97459

  Attorney for Plaintiff

L. Jamala Edwards
Michael McGaughran
SOCIAL SECURITY ADMINISTRATION
Office of the General Counsel
701 Fifth Avenue
Suite 901, M/S 2900
Seattle, WA  98104

Neil J. Evans

UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

   Attorneys for Defendant

JONES, Judge:

Claimant Marcia Carlisle seeks judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits ("DIB").

This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). Following a careful review of the record, the court concludes that the Commissioner's decision is supported by substantial evidence, contains no errors of law, and must be affirmed.

## ADMINISTRATIVE HISTORY

Claimant filed an application for DIB on May 22, 2002, alleging an inability to work since October 7, 1998. The application was denied initially and on reconsideration.

Claimant requested a hearing, which was held before an Administrative Law Judge ("ALJ") on October 28, 2004. Claimant, represented by counsel, appeared and testified at the hearing. A vocational expert ("VE") testified by telephone. On February 9, 2005, the ALJ issued a decision denying claimant's application. The ALJ's decision became the final decision of the Commissioner on June 20, 2005, when the Appeals Council declined review.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence on the record as a whole. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir. 1993). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).

## SUMMARY OF THE ALJ'S FINDINGS

The ALJ employed a five-step "sequential evaluation" process in evaluating claimant's disability, as required. See 20 C.F.R. § 404.1520. The ALJ first determined that claimant met the nondisability requirements for a period of disability and DIB through March 31, 2002. The ALJ then found that claimant has not been engaged in substantial gainful activity since her alleged onset date of October 7, 1998. These findings are not in dispute.

Second, the ALJ found that claimant's continued difficulties status post bilateral mastectomy and chemotherapy, cognitive deficiencies, and osteoarthritis are severe, but that her impairments do not meet or equal the criteria of any impairment in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (Tr. 21). This finding is not in dispute.

In the next step of the evaluation, the ALJ determined that claimant retains the following residual functional capacity:

> [T]he ability to sit for eight hours and stand/walk for eight hours in an eight-hour workday; the ability to lift/carry and push/pull 20 pounds occasionally and 10 pounds frequently; and the ability to occasionally work above the shoulder with the left upper extremity. The claimant cannot crawl or climb ladders, ropes, or scaffolds. The claimant has moderate limitations in the following areas: the ability to understand, remember, and carry out detailed instructions; and the ability to make judgments on detailed work-related decisions. She has slight limitations in the following areas: the ability to understand, remember, and carry out short, simple instructions; the ability to make judgments on simple work-related decisions; the ability to respond appropriately to work pressures in a usual

>work setting; and the ability to respond appropriately to changes in a routine work setting.

Tr. 20. In making that determination, the ALJ found that both claimant's and her husband's allegations regarding claimant's limitations were not entirely credible. Tr. 16, 20. These findings are in dispute.

The ALJ next determined that neither claimant's medically determined impairments nor her residual functional capacity precludes her from returning to her past relevant work as a bartender, lounge manager, and data examination clerk. Consequently, the ALJ found claimant not to be disabled at any time through the date of his decision within the meaning of the Social Security Act, and denied her application for benefits. Tr. 21. This finding is in dispute.

## STATEMENT OF FACTS

The parties are familiar with the medical and other evidence of record. I will not, therefore, repeat the evidence except as necessary to explain my decision.

## DISCUSSION

Claimant limits her arguments to the ALJ's credibility determination concerning her allegations and those of her husband. Pointing to the ALJ's statement, at TR. 16, that

>claimant's and her husband's statements concerning her impairments and their continued impact on her ability to work are not entirely credible in light of discrepancies between the claimant's assertions and information contained in the documentary reports and the reports of the treating and examining practitioners,

claimant contends that the ALJ "thus failed to make specific and justifiable findings" for discrediting her and her husband's testimony. Plaintiff's Legal Memorandum, pp. 8-9. In making that argument, claimant ignores the remainder of the ALJ's decision, which explores in substantial detail the underpinnings of the ALJ's credibility determinations.

To meet her burden of proving disability, claimant must submit objective medical evidence of medical impairments that reasonably could be expected to produce the symptoms alleged. See Smolen v. Chater, 80 F.3d 1273, 1281-82 (9th Cir. 1996). Claimant did so in this case. Consequently, in the absence of evidence of malingering, the ALJ was required to provide clear and convincing reasons to reject her testimony. Smolen, 80 F.3d at 1281. With respect to claimant's husband's opinions, the ALJ was required to provide germane reasons specific to him to reject his testimony. See Regennitter v. Commissioner of Social Sec. Admin., 166 F.3d 1294, 1298 (9th Cir. 1999).

The ALJ's findings satisfy these legal requirements. Contrary to claimant's argument, the ALJ did much more than summarily reject her credibility. Specifically, the ALJ reviewed the entire record in notable detail and pointed to and discussed, among other things, the following:

1. Claimant's own descriptions of her daily activities, which included daily walks; light housekeeping; grocery shopping; meal preparation and clean up; daily internet use and e-mailing; attending garage sales; self-care; work on cross-work puzzles several times per day; reading detective books, newspapers, magazines; watching television and listening to the radio; yard work; crafts; and volunteer work in which she baked and served foods. Tr. 16.

2. Claimant's relatively infrequent trips to the doctor and the fact that she does not take any prescription pain medications. Tr. 16.

3. Physician records noting claimant's reports of feeling well and denying complaints in 2000 and 2001 after she completed radiation treatment in 1999. Tr. 16-17.

    4.      The lack of medical reports or findings that support the level of claimant's allegations of impairment, and the presence of medical assessments describing her limitations as mild to moderate, both physically and mentally. Tr. 17-19.

    5.      Claimant's "generally unpersuasive appearance and demeanor while testifying at the hearing." Tr. 16.

Thus, the ALJ did not arbitrarily discredit claimant's testimony, but properly used ordinary techniques of credibility evaluation and provided specific, clear, and convincing reasons for his findings. See Thomas v. Barnhart, 278 F.3d 947, 958-60 (9th Cir. 2002).

With respect to claimant's husband, the ALJ considered his written testimony, but found that his opinion of claimant's limitations to be inconsistent with claimant's own assertions concerning her activities of daily living and the medical record. Tr. 16. Indeed, the husband described claimant's activities as including camping, regular visits with friends, weekly shopping, walking for exercise, gardening, computer work, garage sale attendance, meal preparation, and household chores. The ALJ properly considered the husband's descriptions of claimant's activities in rejecting his opinion that claimant is disabled.

Because I affirm the ALJ's credibility determination and, accordingly, his determination of claimant's residual functional capacity, I also affirm his step four determination that claimant can perform her past relevant work as she described it. Indeed, the record shows that claimant thoroughly described her past relevant work, giving the ALJ sufficient evidence to determine that her residual functional capacity would not preclude such work.

## CONCLUSION

Based upon a review of the record, the Commissioner's decision denying claimant DIB benefits is supported by substantial evidence on the record as a whole and is, therefore, AFFIRMED. Claimant's motion (# 6) is DENIED.

DATED this 2nd day of June, 2006.

    /s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge

7 - OPINION AND ORDER